## INCONVENIENCE TO PROPERTY OWNER FROM THE BUILDING OF A VIADUCT.

Court of Appeals of Cuyahoga County.

OSCAR SCHMIDT v. THE CITY OF CLEVELAND.

Decided, January 13, 1913.

*Municipal Corporations—City Not Liable in Damages to Non-Abutting Owner—For Slight Inconvenience Resulting from Elimination of Grade Crossing—Inconvenience Different in Kind But Not in Degree from that Suffered by the General Public—Reasonable Means of Access.*

Plaintiff's property is 120 feet front and abuts upon the east side of 83d street, in the city of Cleveland; the middle point of his land is 234 feet northerly from the north line of Kinsman road, which is a main thoroughfare running east and west; Kinsman road has been obstructed at its intersection with 83d street, by the erection of a viaduct 16 feet above the grade of 83d street, and reached from it only by a flight of 31 steps; by going around a block to 82d street, which is parallel to and west of 83d street, the surface of

the viaduct can be, reached without climbing steps, but this course is 473 feet long from the middle point in plaintiff's land; this is the extent of the impairment of access from Kinsman road to plaintiff's premises, by the building of said viaduct. *Held:* Plaintiff is not entitled to damages.

*Clum & Marty,* for plaintiff in error.

*E. W. Wilcox* and *Squire, Sanders & Dempsey,* contra.

WINCH, J.; MARVIN, J., and MEALS, J., concur.

Error to the court of common pleas.

The error complained of in this case is the direction of a verdict for the defendant at the close of plaintiff's evidence.

The plaintiff prayed damages for the obstruction of the southerly end of 83d street, in the city of Cleveland, by the building of a viaduct on Kinsman road, part of a grade crossing elimination improvement in that neighborhood.

Plaintiff owns three forty foot lots on the easterly side of 83d street, which street starts at Kinsman road, runs northerly therefrom and crosses other streets running east and west. Upon these three lots are two dwelling-houses, in one of which plaintiff resides; the other he rents.

Kinsman road is one of the main east and west thoroughfares in that part of the city of Cleveland; upon it the city cars as well as suburban cars run, westerly to the business portion of the city, and easterly to villages beyond the city limits.

The viaduct referred to is sixteen feet above the former grade of the street; a substantial abutment across Kinsman road, at the west line of 83d street, shuts it off to the west, but one can pass to the east, under the viaduct, to 83d street, where a like abutment at the east line of 84th street, shuts off travel to the east.

The surface of the viaduct at 83d street may be reached by a flight of 31 steps. About 320 feet north of Kinsman road, Glade street opens up, on the west line of 83d street, runs westerly, but inclining toward Kinsman road, for a distance of 221 feet to 82d street, and the latter street, which is parallel to 83d street, runs to the surface of the viaduct of Kinsman road, a distance of 116 feet.

Before the viaduct was built, plaintiff could go southerly to Kinsman road and take the cars on the surface, either east or

west, by traveling a distance of 234 feet from the middle point of his land; now, to reach the surface of Kinsman road viaduct, from the same point, he must travel northerly 86 feet on 83d street, cross the 50 feet of that street, travel westerly 221 feet on Glade street and then southerly 116 feet on 82d street, in all a distance of 473 feet, practically twice as far as he had to go before.

Traveling at the rate of 4 miles an hour, one goes about 6 feet a second, so that it now takes plaintiff about 40 seconds longer to reach the cars on Kinsman road than it formerly took. One minute longer, at a slow walk, would be a fair way of estimating

This is the extent of the impairment of access from Kinsman road to plaintiff's property, by the building of the viaduct, as shown by the evidence.

From a full consideration of the cases in Ohio bearing upon the law applicable to such cases, Judge Donahue, in the case of *Hall* v. *Railway Co.*, 85 O. S., 148, at page 157, concludes:

"It would, therefore, seem to be fully settled in Ohio that whether property abuts upon that particular portion of the obstructed or vacated street, yet if that street affords the only reasonable access to the property, the owner's rights are the same as if his property actually abutted upon the obstructed parts, but where his property is not physically in contact with the vacated portion of the street and he has other reasonable means of access, then the owner has no right of action to enjoin the obstruction or recover damages."

In the Hall case and in the case of *The Cleveland Furnace Co.* v. *The South Shore Railway Co.*, 9 N.P. (N.S.), 426, affirmed by the Supreme Court without report, the street obstructed was the *only* reasonable means of access to the plaintiff's property. Such is not the case here.

In the case of *Kinnear Mfg. Co.* v. *Beatty*, 65 O. S., 264, the court held that the proprietor of property not abutting upon that portion of the street obstructed or vacated, would not be entitled to any relief unless the inconvenience he suffers differs in kind, and not in degree, from that of the general public. On the facts of that case, as well as in the case of *Anderson* v. *City of Cleveland*, No. 3983 on the docket of the Circuit Court of

Cuyahoga County, affirmed without report, 79 O. S., 451, relief was denied the plaintiff because his inconvenience was different only in degree and not in kind from that suffered by the general public.   An examination of the plat filed in the Anderson case shows a situation very similar to the situation shown by the plat in this case.

In the case of *Schimmelmann* v. *Railway Co.*, 83 O. S., 357, the facts show a vacation or obstruction of part of the street in front of plaintiff's premises, but not on his side of the street, as was the case also in *Cohn* v. *City of Cleveland*, 43 O. S., 190, and in both cases damages were allowed the plaintiff.   In both of these cases, as well as in the case of *Cesa* v. *City of Cleveland*, No. 4633 Circuit Court, which went up from Cuyahoga county and was recently reversed by the Supreme Court, the plaintiff's premises were occupied for business purposes, and the evidence tended to show that the obstruction of the street diverted travel and business away from plaintiff's place of business, causing the business theretofore done there to locate in another part of the municipality, thus greatly reducing the value of plaintiff's premises.   One of the questions in the Schimmelmann case, as stated by Judge Price on page 371, was:

"Did the change in the street impair access to plaintiff's improvements—not their own access necessarily, but having business structures there—access by people accustomed to trade and transact business with plaintiffs?"

Such is not a question here; plaintiff is not engaged in any business on his premises, which is injured by making more difficult the access of customers to his place of business.

In the Anderson case the plaintiff used his premises for manufacturing purposes, but there was no evidence that the public came frequently to his place of business or that he lost trade by reason of the obstruction in the street to the north of him; his sole complaint was that his wagons had to travel a little farther in delivering manufactured goods to railroad depots and other places to the east of him.

We find no facts in this case similar to the facts in other cases where relief was granted the plaintiff, either because the *only* reasonable means of access to his property was obstructed, or because his inconvenience from the obstruction was different in kind and not in degree, from that of the general public.

The trial court properly took this view of the case and directed a verdict for the defendant, and its judgment is affirmed.