Court of Appeals for Henry County.

STATE OF OHIO, EX REL OTTO W. HESS, A TAX-PAYER, v. GEORGE E. RAFFERTY, AS AUDITOR, ET AL.

Decided, December 1, 1916.

*Constitutional Law—Provision for Additional Salary to be Paid Common Pleas Judges Out of County Treasuries—Not Violative of Any Constitutional Provision—Not Nature of the Office—But Character of Services Performed and the Resultant Benefit—Determines Whether Compensation May be Paid by Levy of Taxes on the County.*

Section 2252 of the General Code, providing for additional salary to be paid to judges of the court of common pleas, is not in conflict with any provision of the Constitution of Ohio and is therefore valid.

*Otto W. Hess*, for relator.
*R. W. Cahill* and *John W. Winn*, contra.

KINDER, J.

The prosecuting attorney having refused, upon request, to bring proceedings, this action was begun by the relator under favor of Section 2922 of the General Code to enjoin the defendants from paying to the judge of the Court of Common Pleas of Henry County the additional salary provided for in Section 2252, General Code, alleging that such payment will be a misapplication and misappropriation of the funds of Henry county, because said section is unconstitutional.

The claim is made in behalf of the relator that by the Constitution, the state government is divided into three co-ordinate divisions, namely, executive, legislative, and judicial, and the office of common pleas judge falling within the latter division, such judge is a state officer and can be paid only out of the state treasury, from funds provided by taxes levied uniformly throughout the state and that the Legislature is without power to provide for additional compensation for such judge to be paid by the county from funds derived by taxes levied upon property wholly within such county.

It is also claimed that the section under consideration expressly violates Section 2 of Article XII and Section 7 of Article X of the Constitution and Section 26 of Article II.

Section 7 of Article X reads:

"The commissioners of counties, the trustees of townships, and similar boards, shall have such power of local taxation, for police purposes, as may be prescribed by law."

So much of Section 2 of Article XII as is pertinent, reads as follows:

"Laws shall be passed, taxing by uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also of real and personal property according to its true value in money."

Section 26 of Article II reads:

"All laws of a general nature shall have a uniform operation throughout the state."   *   *   *

The legislative power of the state, except such as is specially reserved to the people to be exercised under the provisions relating to the initiative and referendum, is vested in the Legislature by the Constitution, subject only to the restrictions and inhibitions contained therein: hence, a law enacted by the General Assembly will be declared unconstitutional by the courts only when it is in conflict with some provision of the Constitution. *Walker* v. *City of Cincinnati,* 21 O. S., 14; *State, ex rel,* v. *Smith,* 44 O. S., 348, 374; *Probasco* v. *Ring,* 50 O. S., 378; *State, ex rel,* v. *Miller,* 87 O. S., 12, 28.

The cases of *Frease* v. *Kreighbaum,* 9 C. C., 619; *Long* v. *Brickman,* 7 C. C., 165; *Witt* v. *Madigan,* 14 C. C. Dec., 263; *Wassaman* v. *Commissioners,* 49 O. S., 622; *Hubbard* v. *Fitzsimmons,* 57 O. S., 436, and the case of *Cobatt et al* v. *Baum,* 110 Tennessee, 370 (75 Southwestern, 1061), have been cited and relied upon by the relator as determinative that the section under discussion is in violation of the provisions of the Constitution above set forth.

The Ohio cases do decide that the Legislature is without power to authorize or require a county to construct or maintain a purely public agency of the state beneficial to the people of the state at large, and pay for the same with moneys derived from taxes levied upon property within such county.

In the Tennessee case two propositions were determined. First, that under the provisions of the Constitution of that state, which required the salaries of judges to be fixed by law, the Legislature had no power to delegate the fixing of such salaries to a county court; and, second, that such act was in violation of the provisions of the Constitution of Tennessee granting power to the Legislature to authorize counties to levy taxes for county purposes.

The second proposition was decided on the theory that the provision of the Constitution under consideration in that case with respect to taxation by counties was a limitation upon the power of the Legislature. That case also decides expressly and by necessary inference, that counties and their organization are purely local and do not form a part of the permanent organization of the government of the state. The reverse of that propo-

sition was held in Ohio in the case of *State, ex rel Guilbert,* v. *Yates,* 66 O. S., 546.

It will also be observed that Section 7 of Article X of our Constitution is a grant of power to the county to tax for local purposes, limited as therein provided, and not a limitation upon the legislative power of the state.

The difference with respect to the constitutional provisions, as well as the conflict of decisions between the courts of Ohio and Tennessee, would seem to render the Tennessee case relied upon of little value touching the question under discussion.

The Ohio cases cited above are not conclusive of the whole question here involved, for there yet remains the inquiry whether the Legislature may impose upon purely state agencies or officers, duties which in their nature and effect are local and of benefit to the counties, and require such counties to contribute to the expense thereof from funds raised by taxation wholly within such counties?

In the case of *State, ex rel Guilbert,* v. *Yates, Auditor, supra,* it was expressly held that county officers are not local officers, but are part of the permanent organization of the government of the state, and that the subject of compensation to county officers is not local in its nature, attention being called to the fact that such officers are local only in the sense that the Legislature has provided for their election by the people of the respective counties and that their duties are to a large extent circumscribed by the county.

Many, if not all, county officers are required by law to perform duties in carrying forward purely state purposes and at the same time perform services which are confined to the county and for the benefit of the county alone, and yet it has never been doubted but that the county might be required to levy taxes for the compensation of such officers.

That a purely state agency whose functions or services result in benefit to a county may be maintained or compensated in part by taxes to be levied within a county, was expressly decided in *State, ex rel,* v. *Shumate,* 72 O. S., 487, and by strong inference, if not expressly, in the case of *State, ex rel,* v. *Edmondson,* 89 O. S., 93.

Under the doctrine of the above cases it would seem that it is not the nature of the office which is held, but the character of the services performed and the resultant benefit, which are to determine whether the Legislature may provide for compensation to be paid by levy of taxes within the county.

It will be observed that no part of the jurisdiction, power or duties of the court of common pleas or a judge thereof is fixed by the Constitution. The entire subject is remitted for determination by the Legislature.

A large part of the services performed by a judge of the court of common pleas has to do with litigation affecting the people and public agencies of the county alone, and an examination of the statute discloses that, in addition to purely judicial functions performed by a common pleas judge, he is required, among other things, to act as probate judge; that he appoints the trustees of memorial buildings; that he passes upon claims against the county upon appeal from the county commissioners; that he appoints trustees of municipal libraries; licenses county auctioneers and county ferries; upon the location of the county seat, he is required to appoint a director to purchase property for the county; fixes the amount to be allowed for county law libraries; appoints soldiers' relief commissions; is required to fix rules and regulations for the government of county jails; appoints members of commissions to pass upon plans and specifications, and so forth, and cost of the court house and jail or additions thereto, alterations, repair or improvement thereof; is required to appoint commissions to act with the county commissioners passing upon the specifications and costs of children's homes; is required to appoint a jury commission for the county; approve the appointment of deputy clerks and deputy sheriffs. And it will be observed that each and all of these services are for the benefit of the county or the people residing therein only.

General Code, Section 2252, is of general application throughout the state, and the rate of compensation to each judge is the same, based as it is upon population, though the amount of salary paid to the several judges would, of course, differ.

We are of opinion that the cases of *State, ex rel Guilbert,* v. *Yates,* 66 O. S., 546, and *Sipe, Auditor,* v. *Mansfield,* 86 O. S.,

80, dispose of the claim that the section under discussion is in conflict with either Section 2 of Article XII or of Section 26 of Article II of the Constitution.

It follows that the court can not say that General Code, Section 2252, is clearly in conflict with any provision of the Constitution, and that the judgment of the court of common pleas must be affirmed.

CROW, J., and ROBINSON, J., concur.