NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-2765

BARBARA GILLIS; THOMAS GILLIS; SCOTT MCCLELLAND;
KIMBERLY A. MCCLELLAND, INDIVIDUALLY AND ON BEHALF
OF OTHERS SIMILARLY SITUATED,

Appellants

v.

RESPOND POWER, LLC

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 2-14-cv-03856)
District Judge: Honorable Mitchell S. Goldberg

Submitted under Third Circuit LAR 34.1(a)
on March 14, 2019

Before:  MCKEE, ROTH and FUENTES, Circuit Judges

(Opinion filed:  February 3, 2020)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Appellants in this case were subscribers to a "variable rate" service offered by Respond Power, LLC. Consumers who subscribed to this service agreed to pay a variable rate for energy that fluctuated depending on several factors. Appellants filed a proposed class action claiming that various injuries resulted from an allegedly misleading disclosure. Because the District Court correctly dismissed their suit, we will affirm.

**I**

Appellants are energy consumers who entered into variable rate energy agreements with Respond between November 2010 and June 2014. Under the variable rate energy agreement, consumers contracted with Respond for their energy instead of contracting directly with local utility companies. A disclosure in the agreement stated that the price each consumer would pay "may vary month to month," and that, although Respond's "goal each and every month is to deliver power at a price that is less than what [the consumer] would have paid" the local utility company, "due to market fluctuations and conditions, Respond Power cannot always guarantee that every month [the consumer] will see savings."[1] Appellants alleged that Respond's advertising "promised customers . . . that [they] would save on their monthly electric bills if they switched" to Respond's service,[2] and quoted from advertising that emphasized the "MAJOR

---

[1] App. 265.
[2] App. 441.

ADVANTAGES" of switching, including "Competitive Rates with Historical Average Savings of up to 10% Annually."[3]

Appellants filed this lawsuit after discovering that they were actually paying a monthly rate that was, at certain points, several times higher than the rate they would have paid the local utility company. According to Appellants, neither the Disclosure nor Respond's advertising adequately explained that, by switching to Respond, it was possible that consumers could end up paying a higher monthly rate. They filed a putative class action and eventually sought certification on two Pennsylvania state law claims, one for breach of contract and one for breach of the implied duty of good faith and fair dealing. The District Court denied their motion for class certification. On appeal, we vacated on grounds not relevant here and "remand[ed] for reconsideration of Plaintiffs' motion [for class certification]."[4] On remand, the District Court "recognize[d] that the mandate rule may require reconsideration of Plaintiffs' motion for class certification."[5] Nevertheless, in the interest of efficiency and, explaining that class certification could depend on the merits, the court invited the company to "answer, move, or otherwise respond" to the complaint.[6] The company moved to dismiss, and the court granted that motion. The energy consumers appealed again.

**II**[7]

---

[3] App. 292.

[4] *Gillis, et al. v. Respond Power*, 677 F. App'x 752, 753 (3d Cir. 2017).

[5] App. 465.

[6] App. 465.

[7] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1446. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Appellants make two arguments on appeal. First, they argue that the District Court failed to follow our mandate when it invited a response to the complaint instead of first deciding class certification. Second, they argue that the District Court erred in dismissing their claims. We review both issues de novo.[8]

First, our instruction to the District Court to reconsider the motion for class certification did not prevent the District Court from inviting the company to respond to the complaint. Appellants' argument rests on an overly formalistic reading of our prior opinion. While a district court "must implement both the letter and spirit of the mandate,"[9] we are confident that the District Court did so here because it determined that the most efficient way to continue was by assessing the strength of the class's allegations through motion-to-dismiss briefing. Nor was it otherwise improper to rule on the motion to dismiss before reaching the question of class certification. Class actions often proceed in this manner.[10]

Appellants do not claim that the District Court ignored a substantive ruling from their prior appeal. Indeed, we did not previously rule on the merits of Respond's motion to dismiss. "On remand, a trial court is free to 'make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any

---

[8] *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018); *McBride v. Int'l Longshoremen's Ass'n*, 778 F.3d 453, 458 n.5 (3d Cir. 2015).
[9] *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985).
[10] *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 313 n.19 (3d Cir. 2016) (noting that certification need not precede motion to dismiss briefing).

question not settled by the decision.'"[11] We therefore decline Appellants' invitation to intrude on the District Court's inherent power to manage its own docket.

Second, accepting all facts alleged in the complaint as true and construing the complaint in the light most favorable to Appellants, we agree with the District Court that the complaint does not state a claim for relief that is plausible on its face. With respect to the breach of contract claim, Appellants cannot plausibly allege an ambiguity where the agreement at issue expressly states that "Respond Power cannot always guarantee that every month you will see savings."[12] Appellants fault the District Court for not applying Pennsylvania law on "latent" ambiguity in contracts. Respond counters that the Appellants did not make this argument below. Even assuming this argument was properly preserved, "the ambiguity inquiry" must pertain to the meaning of a specific term in the contract "rather than simply support a general claim that the parties meant something other than what the contract says on its face."[13]

By urging us to use the Disclosure and marketing materials to find a latent ambiguity in the term "Variable Rate," and then construe that term as a prohibition on charging more than local utility companies, Appellants seek to do far more than interpret an ambiguous term. Instead, their reading would turn the agreement on its head. As the District Court said, the disclosure contains "clear and unambiguous language" that

---

[11] *Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848, 857 (3d Cir. 1994) (quoting *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (3d Cir. 1985)).
[12] App. 237.
[13] *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 96 (3d Cir. 2001).

vitiates Appellants' claims,[14] and a court "may not modify the plain meaning under the guise of interpretation."[15] [16]

Appellants' second remaining cause of action is for breach of the duty of good faith and fair dealing. Pennsylvania appellate courts, as well as federal courts sitting in diversity, have generally held that every contract under Pennsylvania law imposes a duty of good faith and fair dealing in the performance and enforcement of the contract.[17] Appellants argue that Respond violated this duty by charging more than local utility companies for energy. The District Court correctly dismissed this claim, as the implied duty does not displace the clear terms of the parties' written agreement.[18] As discussed above, that agreement imposed no obligation on Respond to charge less than local utility

---

[14] App. 17.

[15] *Stephan v. Waldron Elec. Heating & Cooling LLC*, 100 A.3d 660, 665 (Pa. Super. 2014).

[16] In a similar case in the Second Circuit Court of Appeals, *Mirkin v. XOOM Energy, LLC*, 931 F.3d 173 (2d Cir. 2019), energy consumers sued the third-party energy supplier for breach of contract. The variable rate contract there provided that the monthly rate would be based on XOOM's "actual and estimated supply costs." Because the consumers' rates were far higher than those costs, the court held that the consumers' allegations were sufficient to state a claim. The present case is distinguishable from *XOOM* because Respond's contract lists different factors as the basis for cost and the consumers do not argue that Respond failed to base its rate on those factors.

[17] *E.g.*, *J.J. DeLuca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 412 (Pa. Super. Ct. 2012) (stating that every contract imposes such a duty); *Kamco Indus. Sales, Inc. v. Lovejoy, Inc.*, 779 F. Supp. 2d 416, 425 (E.D. Pa. 2011) (assuming the duty exists); *but see Ash v. Continental Ins. Co.*, 593 Pa. 523, 533 n.2 (2007) (declining to decide the issue).

[18] *See, e.g.*, *USX Corp. v. Prime Leasing Inc.*, 988 F.2d 433, 439 (3d Cir. 1993).

companies every month. The agreement only required that Respond base its variable rate on certain factors. Appellants do not argue that Respond failed to do so.[19]

### III

For the reasons stated above, we will affirm the order of the District Court granting Respond's motion to dismiss.

---

[19] Furthermore, Appellants' reliance on *Kamco Industrial Sales, Inc.* is misplaced, as that case involved the interpretation of an ambiguous contract provision that would have nullified other provisions in the contract, *see* 779 F. Supp. 2d at 427-29.