932 A.2d 877

**Brent D. ASH and Kathy Ash, his Wife, Appellants,**

**v.**

**CONTINENTAL INSURANCE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued Feb. 28, 2006.

Decided Oct. 11, 2007.

524

William Glenn Cohen, Esq., New Castle, for Kathy Ash.

Mary Kathryn Salynski, Esq., Pittsburgh, for Continental Insurance Company.

Christopher T. Lee, Esq., Christopher Todd Hildebrandt, Esq., Shannon Elizabeth Smith, Esq., Pittsburgh, for amicus curiae Pennsylvania Defense Institute.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## OPINION

Justice EAKIN.

Appellants purchased an insurance policy from appellee on a parcel of real property in Lawrence County, Pennsylvania. The property was damaged by fire in July, 2000, and appellants filed a notice of loss. Appellee denied appellants' claim November 21, 2000, on the basis of concealment or fraud. On May 3, 2002, appellants filed a complaint against appellee alleging breach of contract. Appellee responded by filing a motion for summary judgment, asserting appellants' breach of contract claim was barred by the one-year statute of limitations period set forth in the policy.

On June 23, 2003, appellants filed a motion for leave to amend their complaint to include a claim against appellee under Pennsylvania's bad faith insurance statute, 42 Pa.C.S. § 8371. Appellee opposed that motion, arguing the bad faith claim was untimely since it was subject to the two-year statute of limitations applicable to tort actions. *See* 42 Pa.C.S. § 5524(7). Appellants contended this was a contract action with a six-year statute of limitations. On September 15, 2003, the trial court granted appellee's motion for summary judgment with regard to the breach of contract claim, and denied appellants' request to amend the complaint, having determined a § 8371 bad faith claim is a "statutorily created tort action and is therefore subject to the two-year statute of limitations of [§ 5524(7)]." Trial Court Opinion, 9/15/03, at 7. It thus held appellants' bad faith claim was time-barred. On appeal, the Superior Court agreed with the trial court's analysis, stating, "[w]e find the reasoning supporting those decisions to be persuasive and thus hold that a bad faith action under [§ 8371] is subject to a two-year statute of limitations." *See Ash v. Continental Ins. Co.,* 861 A.2d 979, 984 (Pa.Super.2004). This Court granted allowance of appeal to determine the appropriate statute of limitations period for a cause of action under Pennsylvania's bad faith insurance statute, and whether the trial court erred in denying appellants' request to amend.

It is well-settled that while the right to amend pleadings is within the sound discretion of the trial court and should be liberally granted, an amendment introducing a new cause of action will not be permitted after the statute of limitations has expired. *See, e.g., Kuisis v. Baldwin–Lima–Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914, 918 (1974). The trial court's determination will not be disturbed absent an abuse of that discretion. *Blaine v. York Fin. Corp.,* 847 A.2d 727, 728–29 (Pa.Super.2004) (citing *Ferraro v. McCarthy–Pascuzzo,* 777 A.2d 1128, 1132 (Pa.Super.2001)). The issue before us is purely a question of law; accordingly, our standard of review is *de novo,* and our scope of review is plenary.

*Swords v. Harleysville Ins. Cos.,* 584 Pa. 382, 883 A.2d 562, 567 (2005).

Subchapter B of Chapter 55 of the Judicial Code establishes the limitations periods for civil actions. *See* 42 Pa.C.S. § 5501 *et seq.* It states the following actions are subject to a two-year limitations period:

(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property.

(5) An action upon a statute for a civil penalty or forfeiture.

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

*Id.,* § 5524. Under § 5525 of the subchapter, the following types of actions are subject to a four-year statute of limitations:

(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.

(2) Any action subject to 13 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).

(3) An action upon an express contract not founded upon an instrument in writing.

(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

(5) An action upon a judgment or decree of any court of the United States or of any state.

(6) An action upon any official bond of a public official, officer or employee.

(7) An action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing. Where such an instrument is payable upon demand, the time within which an action on it must be commenced shall be computed from the later of either demand or any payment of principal of or interest on the instrument.

(8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

*Id.,* § 5525. The subchapter also identifies a few civil actions that are exempt from any limitations period. *See id.,* § 5531. Any civil action that does not fall within one of the limitations periods set forth therein, and is not exempt under § 5531, is subject to a six-year "catch-all" limitations period. *Id.,* § 5527(b).

In 1990, the legislature enacted the bad faith insurance statute, which states:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371.

As discussed by the Superior Court in its opinion, since the enactment of § 8371, a number of conflicting decisions have been issued regarding the applicable statute of limitations for an action under § 8371. *See Ash,* at 981–82. Several trial courts have applied a two-year limitations period, concluding such a claim falls under either subsection (5) or subsection (7) of § 5524. *See, e.g., Susich v. Prudential Prop. & Cas. Ins. Co.,* 35 Pa. D. & C.4th 178 (1998). In contrast, other trial courts have employed a six-year statute of limitations, concluding a § 8371 claim does not fall under either § 5524 or § 5525 since bad faith acts can sound in either tort or contract. *See, e.g., Trujillo v. State Farm Mut. Auto. Ins. Co.,* 54 Pa. D. & C.4th 241 (2001), rev'd, 817 A.2d 1194 (Pa.Super.2002).

The federal courts faced with this issue have been required to apply Pennsylvania law to predict how this Court would rule. *See McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 661 (3d Cir.1980) (where federal court is bound to apply state law to issue not yet decided by that state's highest court, federal court must predict how state court would rule if faced with that issue). The federal district courts have been divided, with some applying a two-year statute of limitations and some applying a six-year statute of limitations. *See, e.g., Lochbaum v. U.S. Fid. & Guar. Co.,* 136 F.Supp.2d 386 (W.D.Pa.2000) (applying two-year limitations period); *Woody v. State Farm Fire and Cas. Co.,* 965 F.Supp. 691 (E.D.Pa. 1997) (applying six-year limitations period). The Third Circuit Court of Appeals predicted this Court would apply a two-year statute of limitations in *Haugh v. Allstate Ins. Co.,* 322 F.3d 227, 235–36 (3d Cir.2003). *See also Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 224 (3d Cir.2005) (applying two-year statute of limitations based on *Haugh* ).

The *Haugh* court concluded this Court would find a § 8371 claim sounds primarily in tort since: (1) courts have historically treated bad faith actions as torts; (2) a bad faith action is based on tort-like standards of care; (3) the greater number

of the most recent decisions from Pennsylvania courts have treated a § 8371 claim as separate and distinct from the underlying contract action against the insurer; (4) the majority of states recognizing a bad faith cause of action characterize it as a tort; and (5) courts have a duty to construe § 8371 to prevent an absurd result, and it is unlikely the legislature intended to provide a six-year limitations period for a § 8371 claim—which sounds in tort and contract—when the limitations periods for each of those claims are generally two and four years. *Haugh*, at 236 (quoting *Nelson v. State Farm Mutual Ins. Co.*, 988 F.Supp. 527, 534 n. 11 (E.D.Pa.1997)) ("[G]iven the options of two or four years, it does not strike us as a reasonable reading to add the two periods together."). In addition, the *Haugh* court noted under Pennsylvania law, punitive damages are typically only awarded in tort actions. *Id.*, at 235 (citing *Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 436 (3d Cir.1986)) ("*See Smith v. Harleysville Insurance Co.*, 275 Pa.Super. 246, 418 A.2d 705, 706 (1980)) ('The law in Pennsylvania has always been that punitive damages cannot be recovered for breach of contract.' "), *aff'd*, 494 Pa. 515, 431 A.2d 974 (1981). The Superior Court considered the reasoning employed by the courts in these conflicting decisions, and concluded a bad faith insurance action is a statutorily-created tort, which is subject to a two-year limitations period.[1] *Ash*, at 984.

█ Appellants argue the Superior Court committed reversible error in reaching this conclusion since a bad faith claim involves concepts of both contract and tort law. Therefore, it cannot be characterized as one or the other and must be subject to the six-year "catch-all" statute of limitations. In addition, they argue the bad faith insurance statute must be construed *in pari materia* with the Unfair Trade Practices and Consumer Protection Law, (UTPCPL), 73 P.S. § 201–1 *et seq.*, since both are hybrid causes of action. Appellants cite

---

1. The trial court held a § 8371 bad faith claim falls under subsection (7) of § 5524. Trial Court Opinion, 9/15/03, at 7. In affirming the trial court's decision, the Superior Court agreed that the two-year limitations period under § 5524 applied; it did not limit its holding to any particular subsection or subsections of § 5524. *See Ash*, at 984.

*Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488, 494 (1987), which held since the UTPCPL encompasses many different causes of action, each of which is governed by its own limitations period, the UTPCPL is subject to the catch-all limitations period. Brief of Appellants, at 15–16. Appellants assert because these two statutes must be construed *in pari materia*, § 8371 is also subject to the six-year limitations period. *Id.*

The rules of statutory construction require that statutes *in pari materia* be construed as one statute, if possible. 1 Pa.C.S. § 1932. The rules provide, "[s]tatutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things." *Id.* The UTPCPL provides consumers with a cause of action against commercial misfeasance, *i.e.*, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. § 201–3. The UTPCPL regulates "an array of practices which might be analogized to passing off, misappropriation, trademark infringement, disparagement, false advertising, fraud, breach of contract, and breach of warranty." *Gabriel*, at 495. This Court has directed that the UTPCPL is to be liberally construed to effectuate its objective of protecting the consumers of this Commonwealth from fraud and unfair or deceptive business practices. *Commonwealth by Creamer v. Monumental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812, 816–17 (1974). In accordance with this directive, Pennsylvania courts have held that even where the unlawful practice is directly addressed by another consumer-related statute, a plaintiff may nevertheless pursue his action under the UTPCPL since that statute is broad enough to encompass all claims of unfair and deceptive acts or practices in the conduct of any trade or commerce. *Commonwealth v. Peoples Benefit Services*, 895 A.2d 683, 696 (Pa.Cmwlth.2006) (citing *Monumental Properties*, 459 Pa. 450, 329 A.2d 812 (1974); *Keller v. Volkswagen of America, Inc.*, 733 A.2d 642 (Pa.Super.1999); *Wallace v. Pastore*, 742 A.2d 1090 (Pa.Super.1999)).

The bad faith insurance statute, on the other hand, is concerned with "the duty of good faith and fair dealing in the parties' contract and the manner by which an insurer dis-

charge[s] its obligation of defense and indemnification in the third party claim context or its obligation to pay for a loss in the first party claim context." *See Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 199 (Pa.2007). It applies only in limited circumstances—*i.e.*, where the insured first has filed "an action arising under an insurance policy" against his insurer, see 42 Pa.C.S. § 8371—and it only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants. Thus, the bad faith insurance statute does not relate to the same broad category of persons or things subject to the UTPCPL. We conclude these two laws are not *in pari materia*, and we reject appellants' argument based on *Gabriel*. Even assuming, *arguendo*, these statutes are *in pari materia*, appellants have failed to establish that their designation as such would affect our determination of the applicable statute of limitations.

Appellants next argue the Superior Court erred in concluding § 8371 is more akin to a tort action than a contract action. Although they concede a bad faith insurance claim shares "certain characteristics in common with a tort action, *e.g.*, the availability of punitive damages," they note the statute also clearly states it is an action "arising under an insurance policy," which invokes contract principles. Brief of Appellants, at 15 (citing 42 Pa.C.S. § 8371). They assert the purpose of the law of torts—which is to "put an injured person in a position as near as possible to his position prior to the tort," *id.*, at 9 (citing *Reformed Church of the Ascension v. Hooven & Sons, Inc.*, 764 A.2d 1106, 1109 (Pa.Super.2000))—is distinct from the punitive objective of § 8371. If the legislature had intended to create a statutory tort when it enacted § 8371, it would have done so expressly, as it has in the past. *Id.*, at 12 (citing 42 Pa.C.S. § 8351 *et seq.* (the Dragonetti Act) (creating cause of action for wrongful use of civil proceedings and prescribing both compensatory and punitive damages)). They assert an action under § 8371 is neither a tort nor a contract action; it is a statutorily-created hybrid to which the six-year catch-all limitations period applies. *Id.*, at 15.

In determining 8371 is a statutorily-created tort, the Superior Court considered the circumstances surrounding its enact-

ment. The court considered *D'Ambrosio v. Pennsylvania National Mut. Cas. Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981), which declined to adopt the California Supreme Court's holding in *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). *Gruenberg* held an insurer's failure to "deal *fairly and in good faith* with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy . . . . may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing." *D'Ambrosio,* at 968 (citing *Gruenberg,* at 1037). The California Supreme Court was the first to recognize such a cause of action, and although many other states had also done so at the time *D'Ambrosio* was decided, the *D'Ambrosio* Court determined it fell squarely within the legislature's command to determine whether such a cause of action was necessary and to formally enact any such remedy. The Superior Court noted § 8371 was enacted soon after *D'Ambrosio* was filed, and it agreed with the trial court's conclusion that the legislature enacted it in response to this Court's refusal to recognize a tort cause of action for bad faith in *D'Ambrosio. Ash,* at 984. The Superior Court also agreed with the trial court that the fact that § 8371 permits the insured to recover punitive damages further evidences the statute's tortious nature since punitive damages are typically only available in tort. *Id.* In addition, the court relied on the trial court's determination that "[t]he majority of states which have addressed a cause of action for bad faith have treated the action as a tort. . . . Also supporting the position that a bad faith action is a tort is the concept that a bad faith action is based upon a standard of conduct imposed by society, which is consistent with a tort claim." *Id.*

To properly categorize a bad faith action under § 8371, we must assess the statute's underpinnings. As previously noted, this Court has stated the bad faith insurance statute is concerned with the duty of good faith and fair dealing. *Toy,* at 199–200; *supra* at 882. Our review of the case law addressing the duty of good faith reveals that courts generally treat a breach of that duty as a breach of contract action. *See, e.g.,*

*Engstrom v. John Nuveen & Co.*, 668 F.Supp. 953, 958 (E.D.Pa.1987) (breach of implied covenant of good faith and fair dealing is breach of contract action); *Creeger Brick & Building Supply v. Mid–State Bank & Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151, 153 (1989) (duty of good faith and fair dealing "arises under the law of contracts, not under the law of torts"); *AM/PM Franchise Association v. Atlantic Richfield Co.*, 373 Pa.Super. 572, 542 A.2d 90, 94 (1988) (duty of fair dealing in contractual relations arises under contract law, not under tort law); *Clay v. Advanced Computer Applications, Inc.*, 370 Pa.Super. 497, 536 A.2d 1375, 1379 n. 4 (1988) (implied covenant of good faith better supports cause of action in contract than tort), *aff'd in part and rev'd in part*, 522 Pa. 86, 559 A.2d 917 (1989). However, these decisions address the implied duty of good faith that is imposed on the parties to a contract,[2] rather than the duty of good faith imposed by § 8371. These duties are discrete; one is imposed by virtue of a contract, and the other is imposed by statute.

■ This Court highlighted the distinction between the common law contractual duty of good faith and the duty of

**2.** Our review of the case law indicates considerable disagreement over the applicability of the implied duty of good faith. Section 205 of the Restatement of Contracts states: "Every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205. Some courts have opined that Pennsylvania has adopted § 205. *See, e.g., Herzog v. Herzog*, 887 A.2d 313, 317 (Pa.Super.2005); *Conomos, Inc. v. Sun Co., Inc.*, 831 A.2d 696, 705–06 (Pa.Super.2003). In addition, on at least two occasions, members of this Court have stated § 205 has been adopted by Pennsylvania courts, and therefore, the duty is implied in every contract; however, both of those statements were made in nonprecedential opinions. *See Bethlehem Steel Corp. v. Litton Industries, Inc.*, 507 Pa. 88, 488 A.2d 581, 600 (1985) (Zappala, J., Opinion in Support of Reversal); *Frickert v. Deiter Bros. Fuel Co.*, 464 Pa. 596, 347 A.2d 701, 705 (1975) (Pomeroy, J., concurring).

On the other hand, a number of courts have indicated the covenant of good faith and fair dealing is recognized only in limited situations. *See, e.g., Agrecycle, Inc. v. City of Pittsburgh*, 783 A.2d 863 (Pa.Cmwlth. 2001); *Department of Transportation v. E–Z Parks, Inc.*, 153 Pa.Cmwlth. 258, 620 A.2d 712 (1993); *Creeger Brick and Building Supply Inc. v. Mid–State Bank and Trust Company, SEDA*, 385 Pa.Super. 30, 560 A.2d 151 (1989).

In *Fraser v. Nationwide Mut. Ins. Co.*, 135 F.Supp.2d 623 (E.D.Pa. 2001), the court reconciled the conflicting case law, determining, "[u]n-

good faith imposed by § 8371 in *The Birth Center v. St. Paul Companies, Inc.,* 567 Pa. 386, 787 A.2d 376 (2001). In that case, the insurer argued compensatory damages—which were available for a breach of the implied contractual duty of good faith prior to the enactment of § 8371—were no longer available since § 8371 did not authorize such damages. *Id.,* at 386–90, 787 A.2d 376. We rejected the insurer's claim that § 8371 supplanted the existing common law remedy, noting § 8371 does not refer to or explicitly abrogate that remedy, and that the application of § 8371 is not inconsistent with the common law. *Id.,* at 390, 787 A.2d 376. We concluded § 8371 does not prohibit the award of compensatory damages where they are otherwise available; it merely provides a basis to award additional damages beyond those already available. *Id.,* at 390, 787 A.2d 376. Thus, while the insurer "may not recover compensatory damages based on Section 8371, that Section does not alter [the insured's] common law contract rights." *Id.,* at 386, 787 A.2d 376. We held, "where an insurer acts in bad faith, by unreasonably refusing to settle a claim, it breaches its *contractual* duty to act in good faith and its fiduciary duty to its insured," *id.,* at 389, 787 A.2d 376 (emphasis added), which was distinct from the bad faith tort duty the insured was attempting to assert. We explained that *D'Ambrosio* did not hold there was no remedy whatsoever for bad faith on the part of an insurer; rather, it merely held the insured could not assert such a claim in tort:

> [In *D'Ambrosio,*] the contractual cause of action was n[ot] before the Court. In fact, we expressly stated that, in an appropriate case, an insured could recover compensatory damages based on a contract cause of action, because of an insurer's bad faith conduct. We explained:
>
> > The possibility cannot be ruled out that emotional distress damages may be recoverable on a contract where, for

der Pennsylvania Law, a covenant of good faith and fair dealing is implied in every contract. However, it does not create a cause of action in every case." *Id.,* at 643 (citations omitted). Despite the apparent conflict over the applicability of the implied duty of good faith, we decline to engage in a discussion of this issue as it is not presently before us.

example, the breach is of such a kind that serious emotional disturbance was a particularly likely result. . . . The present record falls far short of establishing such conduct. *Id.,* at 385 (citing *D'Ambrosio,* at 970–71) (citations and footnotes omitted). Accordingly, an action under § 8371 is distinct from the common law cause of action for breach of the contractual duty of good faith. Thus, the case law indicating the duty of good faith and fair dealing sounds exclusively in contract is inapposite here as those cases address the separate contractual duty of good faith. The remaining question is whether a bad faith action under § 8371 sounds primarily in tort or whether it sounds equally in tort and contract.

Pennsylvania courts have stated the key difference between tort actions and contract actions is this: "[t]ort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *Koken v. Steinberg,* 825 A.2d 723, 729 (Pa.Cmwlth.2003) (citing *eToll, Inc. v. Elias/Savion Advertising, Inc.,* 811 A.2d 10 (Pa.Super.2002)); *see also Iron Mountain Security Storage Corporation v. American Specialty Foods, Inc.,* 457 F.Supp. 1158, 1165 (E.D.Pa.1978) (citing in part *Glazer v. Chandler,* 414 Pa. 304, 200 A.2d 416, 418 (1964)); *Bash v. Bell Tel. Co.,* 411 Pa.Super. 347, 601 A.2d 825, 829 (1992). With this distinction in mind, we note the legislature apparently determined the protections afforded by the Unfair Insurance Practices Act[3] were insufficient to curtail certain bad faith acts by insurers and that it was in the public interest to enact § 8371 as an additional protection. As this Court stated in *D'Ambrosio,* "it is for the Legislature to announce and implement the Commonwealth's public policy governing the regulation of insurance carriers." *D'Ambrosio,* at 970. The legislature did precisely this when it enacted § 8371, thereby formally imposing a duty of good faith on insurers based on its apparent determination that such a provision was necessary to deter bad faith. Therefore, the duty under § 8371 is one imposed by law as a matter of social policy, rather than one imposed by

**3.** 40 P.S. §§ 1171.1–1171.15.

mutual consensus, and an action to recover damages for a breach of that duty derives primarily from the law of torts. Consequently, we conclude the Superior Court properly determined an action under § 8371 is a statutorily-created tort action and we therefore hold such an action is subject to the two-year statute of limitations under 42 Pa.C.S. § 5524.

Order affirmed. Jurisdiction relinquished.

Former Justice NEWMAN did not participate in the decision of this case.

Chief Justice CAPPY, and Justice CASTILLE, Justice BAER and Justice BALDWIN joined the opinion.

Justice SAYLOR concurred in the result.