## Halterman v. American National Insurance Co.

C.P. of Monroe County, No. 1854 CIVIL 2013

*Kevin A. Hardy*, for plaintiff.
*Gerard J. Geiger*, for defendant.

WILLIAMSON, *J.*, June 10, 2014—This matter comes before us on a Motion for Judgment on the Pleadings filed by American National Insurance Company (hereafter "defendant") on March 20, 2014. On May 1, 2014, Brianna Halterman, Administratrix of the Estate of Lois Halterman, and Trustee of the Living Revocable Trust of Lois Halterman (hereafter "plaintiff") filed a Brief Contra Motion for Judgment on the Pleadings. In the motion, defendant argues that plaintiff's cause of action for bad faith, under both Pennsylvania common law and pursuant to 42 Pa. C.S.A. § 8371, cannot proceed because the subject of the instant suit is the payment of an annuity rather than an insurance policy. Defendant asserts that Pennsylvania law does not support a cause of action for bad faith either under the common law or pursuant to § 8371 where, as in this case, the complaint does not concern an insurance policy. Defendants contend that the annuity contract in question does not equate to an insurance policy. Thus, according to defendant, the plaintiff's cause of action must fail both on the common law and statutory bad faith claims raised in the complaint.

The annuity contract in question was issued on April 27, 2005. The annuity was issued to the Lois Halterman Revocable Living Trust as the owner, and Ronald Halterman as the annuitant. The premium payment for the annuity was $87,242.00, and was assigned the contract number LAR0073648.

On August 5, 2011, Lois Halterman passed away in Monroe County, Pennsylvania. Plaintiff attempted to contact the defendant following the death in order to receive the proceeds from the annuity contract. Following numerous contacts, plaintiff provided defendant with

the confirmation in her capacity as trustee of the Living Revocable Trust of Lois Halterman on October 24, 2012. Following this confirmation, defendant issued payment of the annuity funds to the trust on October 31, 2012. The payment of the annuity reflected a surrender charge of $10,261.50.

Plaintiff attempted to contact defendant on November 16, 2012 and December 19, 2012 regarding the surrender charge on the payment of the annuity. According to plaintiff, no response was had from defendant on either occasion. Consequently, as a result, plaintiff initiated this suit against defendant on March 7, 2013. Defendant filed an Answer and New Matter on April 22, 2013. Plaintiff filed a Reply to defendant's New Matter on May 21, 2013. The instant Motion for Judgment on the Pleadings was filed on March 20, 2014. The Amended Brief in support was filed by defendant on March 31, 2014. Plaintiff filed the Brief Contra Motion for Judgment on the Pleadings on May 1, 2014. Oral arguments were held on May 5, 2014. Defendant subsequently filed a Reply Brief in further support of its Motion for Judgment on the Pleadings on May 16, 2014. The pleadings are now closed and we are ready to dispose of defendant's motion.

## DISCUSSION

Motions for judgment on the pleadings are governed by the Pennsylvania Rules of Civil Procedure. Rule 1034 states:

(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

In ruling on a motion for judgment on the pleadings, the court must consider all of the pleadings and responsive pleadings filed by the moving and non-moving parties, including the complaint, answer, new matter, and reply to new matter. *Herman v. Stern*, 213 A.2d 594 (Pa. 1965). The underlying purpose of a motion for judgment on the pleadings is to allow the court to conduct an overall examination of the legal sufficiency of the pleadings in order to determine if judgment should be entered prior to trial. *Bensalem Township School Dist. v. Commonwealth*, 544 A.2d 1318 (Pa. 1988). The standard of review in such a motion is identical to that of a demurrer. *Id.* A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*, 672 A.2d 1359 (Pa. Super. 1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994).

Defendant's argument in the motion for judgment on the pleadings focuses on the nature of the agreement in question, and whether the cause of action alleged by plaintiff is viable. Plaintiff's complaint includes both a statutory and common law claim of bad faith against the defendant. In response, defendant's argument is two-fold. First, that there is no recognized common law cause of action for bad faith in the Commonwealth of Pennsylvania. And second, that the statutorily created cause of action for bad faith, codified under 42 Pa. C.S.A. § 8371, is inapplicable to the case at bar because the 'Bad Faith' statute covers actions arising under an insurance policy, and this action concerns an annuity contract.

In support of the argument that Pennsylvania does not recognize a common law cause of action for bad faith, defendant draws this court's attention to a 2004

Pennsylvania Superior Court case which states that "under Pennsylvania law, all bad faith claims derive from statute." *The Brickman Group, LTD v. CGU Insurance Co.*, 865 A.2d 918, 926 (Pa. Super. 2004) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)).[1] Taking this into consideration, defendant argues that, because Pennsylvania does not recognize a bad faith cause of action arising from the common law, plaintiff's claim that defendant is liable under the common law must fail.

Secondarily, defendant asserts that plaintiff has no claim for statutory bad faith because her claim is based on the payment of an annuity, not an insurance policy. In support of this argument defendant points to the plain language of the statute which specifies that it is applicable only in actions "arising under an insurance policy." 42 Pa. C.S.A. § 8371. Defendant relies upon a United States District Court for the Eastern District of Pennsylvania opinion to advance

---

1. The court in *Terletsky* recognized that "there is no common law remedy in Pennsylvania for bad faith on the part of insurers." *Terletsky* 649 A.2d at 688. In making this determination, the court cited the Pennsylvania Supreme Court case of *D'Ambrosio v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 431 A.2d 966 (Pa. 1981). In *D'Ambrosio*, the court determined that "although the seriousness of 'bad faith' conduct by insurance carriers cannot go unrecognized, our Legislature has already made dramatic, sweeping efforts to curb the bad faith conduct" through the Unfair Insurance Practices Act (UIPA), and further stated that it was "for the Legislature to announce and implement the Commonwealth's public policy governing the regulation of insurance carriers." *D'Ambrosio*, 431 A.2d at 969-970. The court therefore refused to recognize a common law cause of action for bad faith against insurance carriers outside of the confines of the UIPA.

In response to the decision in *D'Ambrosio*, the general assembly enacted the present-day bad faith statute, codified at 42 Pa. C.S.A. § 8371. Furthermore, the term 'bad faith' used in § 8371, as interpreted by the Pennsylvania Supreme Court, concerns the "duty of good faith and fair dealing in the parties' contract and the manner by which an insurer discharged its obligations of defense and indemnification in the third-party claim context or its obligation to pay for a loss in the first party claim context." *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007).

the position that an annuity contract is not analogous to an insurance policy. Defendant directs this court to *Prusky v. Allstate Insurance Co.*, 2010 WL 3859787 (E.D. Pa. 2010), which finds that "while annuities contracts are regulated by the Pennsylvania Insurance Commission, they are not insurance policies." *Id.* at *4. The court in *Prusky* goes on to find that the "narrow tort provision of § 8371 extends only to the insured and does not make bad faith claims available to annuitants." *Id.* Defendant further provides this court with other federal court decisions which, in applying Pennsylvania law, distinguish between insurance policies and annuity contracts. Defendant summarizes by stating that despite plaintiffs allegation of a "claim" under the annuity contained in the complaint, the annuity is not an insurance policy and there can be no statutory bad faith claim for the denial of the timely payment.

Finally, defendant argues that even if Pennsylvania law does provide a statutory cause of action for bad faith on an annuity contract, plaintiff's claim in the instant matter must fail because plaintiff has not suffered any damages. Specifically, defendant argues that it made payment under the annuity contract to the plaintiff. Defendant asserts that plaintiff has even made this admission in paragraph 28 of the complaint. In that paragraph, plaintiff alleges that "On or about October 31, 2012, Defendant American National Insurance Company sent a check to the Estate of Lois Halterman." Defendant avers that the payment was made at the request of the trustee, on behalf of the trust as owner of the annuity. Defendant also claims that trustee expressly acknowledged that penalties may apply under the annuity contract, which clearly sets forth the basis for the surrender charges at issue.

In response, plaintiff argues that Pennsylvania courts have recognized a common law contractual duty of good

faith which is separate and apart from the statutorily imposed duty of good faith set forth in § 8371. Specifically, plaintiff cites the Pennsylvania Supreme Court case *Ash v. Continental Insurance Co.*, 932 A.2d 877 (Pa. 2007). In that case, the court ultimately found that "an action under § 8371 is distinct from the common law cause of action for breach of the contractual duty of good faith." *Id.* at 884. Taking this holding into consideration, plaintiff argues that § 8371 does not supplant the common law cause of action arising out of the requirements to deal in good faith, but rather § 8371 provides a basis to award additional damages beyond those available at common law.

Along with the position that § 8371 does not supplant a common law action arising out of bad faith, plaintiff argues that they have established a cause of action arising under Pennsylvania statutory law for bad faith. To this end, plaintiff criticizes defendant's use of federal case law which finds that an annuity contract is not an insurance policy for purposes of a § 8371 cause of action. Specifically, plaintiff argues that the reliance placed by defendant on *Prusky v. Allstate Life Insurance Company*, 2010 WL 3859787 (E.D. Pa. 2010) is misguided in that this court cannot consider such an opinion as precedential. Plaintiff argues that such an unreported memorandum opinion issued by a federal district court falls under the instruction of Pennsylvania Superior Court's Internal Operating Procedures Rule 444b, which states that such an opinion cannot be "relied upon or cited by a court or a party in any other action or proceeding." Pl.'s Br. Contra Mot. for J. on the Pleadings p. 10. Plaintiff continues to argue that because defendant cannot cite a precedential Pennsylvania case to support its position that § 8371 does not apply to annuities, the instant motion should be denied.

Furthermore, plaintiff attacks defendant's reliance

on the *Prusky* case by arguing that the definitions of an insurance policy and an annuities contract are substantially similar in nature to allow the cause of action under § 8371 to continue. Plaintiff cites to *Wikipedia* and *Investopedia* websites in setting forth definitions for insurance policies and annuities contracts. In doing so, plaintiff concludes that the simple definitions set forth on those web pages clearly establish that an annuity is an insurance contract or an insurance policy.

Finally, regarding damages, plaintiff argues that it has alleged in the complaint that substantial losses, including money withheld and economic losses, were suffered due to defendant's conduct. Further, plaintiff has asserted that it is entitled to attorney's fees and punitive damages due to the conduct by the defendant. Therefore, taking these well-plead facts as true, plaintiff contends that it has established that damages have resulted because of bad faith actions of the defendant.

In considering the arguments set forth by the parties as summarized above, we agree in part with both the defendant and the plaintiff. For the following reasons, we find the defendant is not entitled to judgment on the pleadings.

We begin by addressing the statutory cause of action alleged in plaintiff's Complaint arising under § 8371 in title 42 of Pennsylvania consolidated statutes. In the instant case, plaintiffs cause of action revolves around the payment of an annuity, which was issued to the Lois Halterman Revocable Living Trust by the defendant. As stated above, § 8371 applies to "an action arising under an insurance policy." Therefore, we must make a determination as to whether the annuity issued in this case falls under the guise of an "insurance policy" as specifically referenced in § 8371.

We have searched for guidance in this matter, but are limited to cases that lack precedential authority. We also note the definitions provided in Black's Law Dictionary as follows:

Annuity. A right to receive fixed, periodic payments either for life or for a term of years. A fixed sum payable to a person at specified intervals for a specific, period of time or for life. *Payments represent a partial return of capital and return* (interest) *on the capital investment.* (Emphasis added)

Insurance. A contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specific subject by specified periods...A contract whereby one undertakes to indemnify another against loss, damage, or liability arising from an unknown or contingent event and is applicable only to some contingency or act to occur in the future.

Annuity Insurance. An insurance contract calling for periodic payments to the insured or annuitant for a stated period or for life.

Black's Law Dictionary, Sixth Edition.

These definitions contemplate an annuity and an insurance policy (i.e. for liability, death, etc.) being different. Although both are issued by insurance companies, and are based upon contracts, an annuity provides a definite, specific and automatic obligation to pay an annuitant or beneficiary. An insurance policy is only paid to the insured or beneficiary upon a limited set of circumstances. An annuity is an investment that pays back principal and a stated amount of interest. An insurance policy pays out in limited circumstances with

limitations on amounts, depending upon the policy. There are contingencies in an insurance policy that do not exist in an annuity. These definitions give us some guidance in determining that annuities are not insurance policies, as contemplated by §8371.

We further find that an insurance policy and an annuity contract are separate and distinct from one another, for reasons we find similar to the analysis of the federal district court's memorandum opinion in *Prusky* as cited by the defendant. We agree with the holding of that court, that "while annuity contracts are regulated by the Pennsylvania Insurance Commission, they are not insurance policies." *Prusky*, 2010 WL 3859787 (E.D. Pa. 2010) at *4. We are aware of the lack of precedential Pennsylvania case law which specifically make reference to any differentiation between insurance policies and annuity contracts. The federal district court in *Prusky* discussed and applied Pennsylvania law with regard to an insurance company bad faith claim alleged by an insured. Although we are not bound by the opinion set forth in *Prusky*, we adopt the reasoning set forth therein, as we believe the court provides an adequate basis for the conclusion which the court ultimately reached.[2] We further agree with and adopt the federal district court's conclusion that the "narrow tort provisions of § 8371 extends only to the insured and does

---

2. In finding that annuity contracts are not insurance policies, the court in *Prusky* relied upon the following cases: *In re Custom Coals Laurel*, 258 B.R. 597, 601-02 (W.D. Pa. Bankr. 2001) (finding "Annuities are not insurance policies and providing differences between annuities and insurance policies); *NationsBank of North Carolina, N.A. v. Variable Annuity Life Ins.*, 513 U.S. 251,255, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995) (deferring to state comptroller's conclusion that national banks have authority to broker annuities because "annuities do not rank as insurance" and are more like investments); *Smith v. John Hancock Ins. Co.*, No. 06-3876,2008 U.S. Dist. LEXIS 66912, *15-16 (E.D. Pa. Sep. 02, 2008) (declining to extend "reasonable expectations" doctrine to annuity contracts because "it is well established under Pennsylvania law that annuity contracts and insurance contracts are distinct animals).

not make bad faith claims available to annuitants." *Id.*[3]

Therefore we grant, in part, defendant's motion for judgment on the pleadings with respect to the cause of action alleged in plaintiffs complaint at paragraph 33 based upon Pennsylvania Statutory law, 42 Pa. C.S.A. § 8371. The allegations raised in plaintiffs complaint with respect to 42 Pa.C.S.A. §8371 are dismissed.

Plaintiff's complaint further raises a cause of action for bad faith under Pennsylvania common law. To this end, we must make the determination of whether a bad faith action based on Pennsylvania common law exists in light of the statutorily created bad faith action under § 8371. In making this determination, we agree with the position advanced by plaintiff and find that plaintiff has the ability to plead and prove a common law cause of action for bad faith.

We base this conclusion on the 2007 Pennsylvania Supreme Court opinion in *Ash v. Continental Ins. Co.,* 932 A.2d 877 (Pa. 2007), which is relied upon by plaintiff in its brief contra to defendant's motion for judgment on the pleadings. In *Ash,* the court went through a thorough and persuasive discussion of the interplay between § 8371 and Pennsylvania's bad faith law as expressed through the common law. The court echoes its findings made in *Toy v. Metropolitan Life Ins. Co.,* and states that § 8371 "applies only in limited circumstance — i.e., where the insured has filed 'an action arising under an insurance policy' against his insurer — and it only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow

---

3. In discussing the differentiation between annuity contracts and insurance policies, the *Prusky* court stated that §8371 "applies only in limited circumstances ... and it only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." *Prusky,* at *4 (quoting *Ash v. Continental Ins. Co.,* 932 A.2d 877, 882 (Pa. 2007)).

class of defendants." *Ash*, 932 A.2d at 882.

The court further engages in a discussion concerning the distinction between the common law contractual duty of good faith and the duty of good faith imposed by § 8371. The Court cites its 2001 opinion in *The Birth Center v. St. Paul Companies, Inc.*, 787 A.2d 376 (Pa. 2001). There, the court stated that § 8371 "does not prohibit the award of compensatory damages where they are otherwise available; it merely provides a basis to award additional damages beyond those already available." *Ash*, 932 A.2d at 884 (citing *The Birth Center*, 787 A.2d at 379). The court concluded that "while the insurer 'may not recover compensatory damages based on § 8371, that section does not alter [the insured's] common law contract rights.'" *Id.* Therefore, the court in *Ash* held that "an action under § 8371 is distinct from the common law cause of action for breach of the contractual duty of good faith." *Id.*

In arguing against the position set forth by plaintiff, defendant would have this court believe that, in order to properly allege a bad faith action based on Pennsylvania common law, plaintiff need also plead and establish a cause of action for breach of contract. Defendant further argues, that plaintiff cannot sustain this action under § 8371 because this is an annuity, and not an insurance policy; and then defendant argues there is no common law remedy because § 8371 codified the common law. Also, defendant argues that the court's opinion in *Ash* shows that bad faith insurance claims in Pennsylvania are based in statute, not the common law. Defendant asserts that plaintiff's reliance on *Ash* does not save its common law bad faith claim which must fail on the pleadings because such claims are statutorily created tort actions.

While we agree the court's opinion in *Ash* does recognize that § 8371 creates an action in tort for bad faith when

dealing with insurance policies, we do not agree with the defendant's interpretation of *Ash* — namely that § 8371 precludes a common law bad faith action based in contract law. As cited above, *Ash* clearly and unequivocally held that "an action under § 8371 is distinct from the common law cause of action for breach of the contractual duty of good faith." *Id.* Therefore, although we find that Plaintiff cannot sustain its cause of action based upon claims raised under § 8371, we find that plaintiff has the opportunity to plead and prove a cause of action based on the bad faith doctrine established under Pennsylvania common law. We do not find, as defendant has argued, that a common law bad faith action requires a companion cause of action for breach of contract. We also recognize that § 8371 codified a common law remedy as to an insurance policy, but not as to an annuity contract. The defendant cannot argue that § 8371 only applies to insurance policies, and then argue that annuity contracts are subject to a codification of remedies even though the remedy does not apply. The common law remedy of bad faith in annuity contracts still appears to be an available remedy. Furthermore, at this stage of the pleadings, we make no determination as to whether plaintiff has set forth sufficient facts to sustain its bad faith action based on Pennsylvania common law. Such a determination is proper following the formal discovery process.

In conclusion, for the reasons stated above, we find that judgment on the pleadings may be granted in part and denied in part. We find it clear on the face of the pleadings in this matter that plaintiff cannot sustain the cause of action for bad faith premised under § 8371 of title 42 of Pennsylvania Consolidated Statutes, and that defendant is entitled to the requested relief in that respect. We further find it clear on the face of the pleadings that plaintiff may be able to sustain the cause of action for bad faith premised

under Pennsylvania common law, and that defendant is not entitled to the requested relief in that respect. As such, judgment on the pleadings is granted in part and denied in part, and we enter the following order.

## ORDER

And now, this 10th day of June, 2014, upon consideration of defendant's motion for judgment on the pleadings, we grant the motion with respect to the allegations raised in the complaint based upon 42 Pa. C.S.A. § 8371, and we deny the motion with respect to the allegations raised in the complaint based under Pennsylvania common law principles of bad faith. This action shall proceed only on the basis of the bad faith principles as set forth through Pennsylvania common law as asserted in the complaint.