**Jared WOLFE, Plaintiff,**

v.

**ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, Defendants.**

No. 4:10–CV–800.

United States District Court, M.D. Pennsylvania.

July 12, 2012.

Michael A. Dinges, Robert B. Elion, Elion, Wayne, Grieco, Carlucci, Shipman & Irwin, P.C., Williamsport, PA, for Plaintiff.

Sara B. Richman, Kristin H. Jones, Marshall J. Walthew, Pepper Hamilton LLP, Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

JOHN E. JONES III, District Judge.

Presently pending before the Court is the Motion to Dismiss Plaintiff's Statutory

Bad Faith and UTPCPL Claims Pursuant to Rule 12(b)(1) (Doc. 65) of Defendant Allstate Property and Casualty Insurance Company. For the reasons fully articulated herein, we will deny the Motion in its entirety.

## I. PROCEDURAL HISTORY & STATEMENT OF FACTS

On March 2, 2007, while driving under the influence of alcohol, Karl Zierle ("Zierle"), caused a car accident which resulted in injury to the Plaintiff, Jared Wolfe ("Plaintiff" or "Wolfe"). Zierle was insured by Defendant Allstate Property and Casualty Insurance Company ("Defendant" or "Allstate"), and Zierle's policy ("the Policy") provided liability coverage up to a Policy limit of $50,000 per person. The Policy expressly excludes coverage for an award of punitive damages based upon gross negligence or reckless conduct. While the Policy imposed a duty upon Allstate to defend Zierle in any lawsuit arising out of the use of his vehicle, it also provided Allstate with the ability to control and direct the litigation, including the right to control all decisions regarding settlement of the claim.

On April 8, 2008, Plaintiff presented a final settlement offer of $25,000 to Allstate, which Allstate flatly rejected. Allstate countered with an offer of $1,200, which Plaintiff likewise rejected. Plaintiff then filed suit against Zierle in the Court of Common Pleas for Lycoming County, Pennsylvania, seeking both compensatory and punitive damages arising from the March 2007 motor vehicle accident. Plaintiff continued to pursue settlement below his initial $25,000 offer, but Allstate refused to change its position and did not deviate from its initial $1,200 offer. The

record at summary judgment demonstrated that if Allstate had settled the case, Plaintiff would have signed a release, shielding Zierle from any personal liability. Despite the urging of Zierle and his attorneys, Allstate refused to increase the settlement amount.[1]

The case proceeded to trial on September 28, 2009, and a Lycoming County jury returned a verdict for the Plaintiff, awarding compensatory damages in the amount of $15,000 and punitive damages in the amount of $50,000. While Allstate indemnified Zierle from the compensatory damages, the Policy expressly excluded indemnification for punitive damage awards and Zierle thus incurred a personal obligation to pay the punitive damages as they were beyond the Policy's coverage. As a result, on March 12, 2010, Zierle assigned to the Plaintiff any and all rights, claims and causes of action arising out of Allstate's failure to properly defend, protect and indemnify Zierle.

Thereafter, on March 19, 2010, Plaintiff commenced the instant civil action in the Court of Common Pleas for Lycoming County, asserting that Allstate had: (1) acted in bad faith in insuring Zierle pursuant to 42 PA. CONS.STAT. ANN. § 8371 (Count I); (2) violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") pursuant to 73 PA. STAT. ANN. § 201–1 *et seq.* (Count II); and (3) breached its duty of good faith in its contract with the insured (Count III). On April 15, 2010, Allstate removed the case to this Court. (Doc. 1).

Allstate filed a Motion to Dismiss Count II on April 22, 2010 (Doc. 7). This Court granted said Motion on June 28, 2010, but granted the Plaintiff a period of time to

---

1. Allstate did eventually agree to increase the settlement offer to $1,400 if Plaintiff deviated substantially from his $25,000 figure.

amend the deficient complaint. (Doc. 14). Plaintiff filed an Amended Complaint (Doc. 16) on July 2, 2010. Allstate subsequently filed a Second Motion to Dismiss (Doc. 21), which this Court referred to Magistrate Judge Prince for a report and recommendation ("R & R"). (Doc. 23). Judge Prince issued an R & R which recommended denying Allstate's motion in its entirety, (Doc. 25), and this Court issued a memorandum opinion adopting the R & R in its entirety and denying Allstate's motion on January 10, 2011. (Doc. 28).

Following a period of discovery, Allstate moved for summary judgment on July 1, 2011. (Doc. 35). The motion was referred to Magistrate Judge Methvin for an R & R, and on February 27, 2012, Judge Methvin issued an R & R recommending denial of Allstate's motion in its entirety. (Doc. 56). This Court agreed with Judge Methvin that genuine issues of fact remained for trial and thus adopted the R & R in its entirety, denying Allstate's motion. (Doc. 59).

Allstate comes now with the instant Motion to Dismiss (Doc. 65) seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) of Plaintiff's claims in Counts I and II of the Amended Complaint. The Motion has been fully briefed (Docs. 66, 72) and is thus ripe for our review.

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). A facial attack challenges whether the plaintiff has properly pled jurisdiction. *Id.* "In reviewing a facial attack, the court must only consider the allegations of the com-

plaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000) (citing *Mortensen*, 549 F.2d at 891). A factual attack, in contrast, challenges jurisdiction based on facts apart from the pleadings. *Mortensen*, 549 F.2d at 891. "When a defendant attacks subject matter jurisdiction 'in fact,' ... the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. In such a situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir.2000) (quoting *Mortensen*, 549 F.2d at 891).

## III. DISCUSSION

Allstate raises a facial challenge to Plaintiff's standing to bring the instant lawsuit, contending that this Court lacks subject matter jurisdiction over Plaintiff's claims in Counts I and II, even assuming the allegations pled therein to be true.

Allstate grounds its argument in two recent cases out of the United States District Court for the Eastern District of Pennsylvania where that court held that bad faith claims brought under 42 PA. CONS. STAT. ANN. § 8371 are not assignable due to their nature as unliquidated tort claims.[2] *See Feingold v. Liberty Mutual Group (Feingold I)*, 2012 U.S. Dist. LEXIS 25273 (E.D.Pa. Feb. 28, 2012); *Feingold v. State Farm Mutual Auto. Ins. Co. (Feingold II)*, 2012 U.S. Dist. LEXIS 46696 (E.D.Pa. Apr. 3, 2012). In *Feingold I* and *Feingold II*, the court concluded that because Pennsylvania law prohibits assignment of claims for unliquidated tort dam-

---

**2.** As noted in previous opinions, this diversity action is governed by Pennsylvania law.

ages, an assignment of § 8371 claims is invalid. *See Feingold I,* 2012 U.S. Dist. LEXIS 25273, at *7–8; *Feingold II,* 2012 U.S. Dist. LEXIS 46696, at 8.

Plaintiff contends that *Feingold I* and *Feingold II* were decided in error and that the Eastern District has improperly interpreted Pennsylvania law. We agree that the decisions are inconsistent with Pennsylvania law and, further, inconsistent with the law of this Circuit. The Pennsylvania Superior Court held in *Brown v. Candelora,* 708 A.2d 104 (Pa.Super.Ct.1998), that:

> Under Pennsylvania Law, as well as in the majority of American jurisdictions, an insured's claims against his or her insurer, in the nature of breach of contract, breach of a fiduciary duty, and bad faith, as well as claims under section 8371 of the judicial code for punitive damages, counsel fees and interest, are assignable.

*Id.* at 110. Defendant contends that the decision in Brown is easily distinguished and, in any event, superceded because the opinion predates the Pennsylvania Supreme Court's holding in *Ash v. Cont'l Ins. Co.,* 593 Pa. 523, 932 A.2d 877 (2007) that § 8371 claims sound in tort rather than contract. (Doc. 66, p. 3, n. 1).

■ The law of this Circuit refutes this contention. Indeed, in *Haugh v. Allstate Insurance Co.,* in the same opinion in which it predicted that the Pennsylvania Supreme Court would hold that § 8371 actions sound in tort and not in contract, the Third Circuit stated: "[u]nder Pennsylvania law an insured's claims against his insurer for breach of contract and breach of fiduciary duty, *and his claims under section 8371 for punitive damages, counsel fees and interest are assignable."* *Haugh v. Allstate Ins. Co.,* 322 F.3d 227, 239 (3d Cir.2003) (emphasis added) (citing *Brown,* 708 A.2d at 110). The Circuit's decision in *Haugh* rebuts the Defendant's contention

that a finding that § 8371 claims sound in tort necessarily prohibits the assignment thereof. Consistent with the law of this Circuit and, in our view, the law of Pennsylvania, we hold that an insured's § 8371 claim for punitive damages, counsel fees and interest are assignable and the assignment of the same in the case *sub judice* is valid. Accordingly, we will deny Allstate's Motion to Dismiss as it pertains to Count I of the Amended Complaint.

■ Allstate further contends that the rationale of the *Feingold* cases likewise invalidates the assignment of Zierle's claims under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") because such claims are also claims for unliquidated tort damages. As noted above, we have declined Defendant's invitation to follow the *Feingold* cases. Allstate submits no authority to this Court supporting its position that UTPCPL claims are unassignable as either a statutory penalty or a claim for unliquidated tort damages. Other than general citation to *Feingold I* and *II,* Allstate presents neither argument nor example supporting its broad assertion that the claim is invalid and must be dismissed. Accordingly, we find no merit in this argument and will deny Allstate's Motion to Dismiss as it pertains to Count II of Plaintiff's Amended Complaint.

## IV. CONCLUSION

For all of the reasons articulated above, this Court will deny the Defendant's Motion to Dismiss Counts I and II (Doc. 65) in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Allstate Property & Casualty Insurance Company's Motion

232

to Dismiss (Doc. 65) is **DENIED** in its entirety.