**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1887
_____

DAVID GORDON; SAMAYA GORDON,
                                        Appellants

v.

LM GENERAL INSURANCE CO.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-23-cv-00479)
U.S. District Judge:  Honorable Mark A. Kearney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2024
_____

Before: SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed:  October 3, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

**SHWARTZ**, Circuit Judge.

David and Samaya Gordon appeal the District Court's order dismissing their complaint against their insurer, LM General Insurance Company ("Liberty"). Because res judicata bars their action, we will affirm.

## I[1]

The Gordons were insured under a Liberty automobile policy that included underinsured motorist coverage of up to $100,000 ("UIM") when David Gordon sustained serious injuries in a car accident. With Liberty's authorization, the Gordons settled with the driver who caused the accident for $15,000, the full amount of the driver's liability coverage. Mr. Gordon's attorney informed Liberty that Mr. Gordon's injuries exceeded $100,000 and Mr. Gordon would "accept the sum of $100,000[] in full settlement of his UIM personal injury claim." App. 102 (Compl. ¶ 10).

Liberty "den[ied] . . . coverage" and "low ball[ed]" the Gordons, "forcing" them to sue Liberty to recover the UIM benefits that they believed were due. App. 113, 109 (Compl. ¶¶ 71, 43). Liberty moved to dismiss Count I of the complaint (the "first complaint"), titled "Bad Faith," which alleged that Liberty had "violated its fiduciary, contractual[,] and/or statutory duties of good faith and fair dealing . . . in violation of the policy's implied covenant of good faith and fair dealing, and in specific violation of 42 Pa. Cons. Stat. § 8371." App. 188-89 (First Compl. ¶ 42). The District Court dismissed

---

[1] When reviewing an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept the facts in the complaint as true and construe them in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Count I without prejudice. The Gordons did not amend their complaint and proceeded to trial on their separate breach of contract claim.[2] A jury awarded the Gordons $660,000 but because Liberty's policy limited recovery to $100,000, the Court molded the verdict and entered judgment in the Gordons' favor for $100,000.

Thereafter, the Gordons filed the current complaint against Liberty. Its single count, titled "Statutory Bad Faith Under 42 P[a]. [Cons. Stat. §] 8371," again alleges that Liberty "violated its contractual and/or statutory duties of good faith and fair dealing by acting in bad faith towards Plaintiffs in violation of the policy's implied covenant of good faith and fair dealing, and in specific violation of 42 Pa. [Cons. Stat. §] 8371."[3] App. 118

---

[2] In their breach of contract claim (Count II), the Gordons alleged that the "insurance contract imposed upon [Liberty] . . . a duty . . . to use good faith and apply fair dealing towards the Plaintiff/Insured in handling claims," and that Liberty had "fail[ed] to pay [UIM] benefits and . . . fail[ed] to negotiate with Plaintiff . . . in good faith," in violation of its "contractual and statutory obligation to Plaintiff." App. 192-93 (First Compl. ¶¶ 53, 55). The first complaint also included a claim for loss of consortium (Count III). App. 193-94 (First Compl. ¶¶ 57-59).

During the litigation, Liberty made an offer of judgment in the amount of $10,000, which the Gordons declined. Offer of Judgment, 22-cv-02567, Dist. Ct. ECF No. 27.]

[3] In Pennsylvania, under certain circumstances, parties who assert that an insurance company denied their request for coverage in bad faith may lodge a statutory claim under 42 Pa. Cons. Stat. § 8371 and/or a common law claim based upon a breach of the covenant of good faith and fair dealing. Ash v. Cont'l Ins. Co., 932 A.2d 877, 884 (Pa. 2007). To resolve this case, we need not weigh in on the debate concerning whether common law bad faith claims can be brought in the first-party insurance context. Compare Cicon v. State Farm Mut. Auto. Ins. Co., No. 3:14-cv-2187, 2015 WL 926148, at *2 (M.D. Pa. Mar. 4, 2015) ("The Pennsylvania Supreme Court has held that there is no cause of action for a breach of the implied duty of good faith and fair dealing in a case for first party insurance benefits, like this one, where an insured is suing his insurer." (citing D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co., 431 A.2d 966, 969-71 (Pa. 1981))), with Zaloga v. Provident Life & Accident Ins. Co. of Am., 671 F. Supp. 2d 623, 631-32 (M.D. Pa. 2009) (recognizing that under Pennsylvania law, an insured may seek compensatory damages for breach of the implied covenant of good faith and fair dealing as part of a breach of contract cause of action against their insurer).

3

(Compl. ¶ 89). The District Court dismissed the current complaint on res judicata grounds, or, in the alternative, for failure to state a claim. Gordon v. LM Gen. Ins. Co., No. 23-cv-479, 2023 WL 2975869, at *6 (E.D. Pa. Apr. 17, 2023).

The Gordons appeal.

## II[4]

### A

The District Court correctly held that the current complaint is barred by res judicata. In deciding "the claim-preclusive effect of a dismissal by a federal court sitting in diversity," we apply the law of the state in which that federal court sat—here, Pennsylvania. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). Under Pennsylvania law, the doctrine of res judicata provides that "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995) (citation omitted). Res judicata applies both to claims that were "actually litigated" as well as "to claims which could have been

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting a motion to dismiss for failure to state a claim. Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A.), 768 F.3d 284, 290 (3d Cir. 2014) (internal quotation marks omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

litigated during the first proceeding if they were part of the same cause of action." Id. (citation omitted). Whether two causes of action are the same turns not on "the specific legal theory invoked," but rather "on the essential similarity of the underlying events giving rise to the various legal claims." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 549 (3d Cir. 2006) (internal quotation marks and citation omitted); see Balent, 669 A.2d at 315 (explaining that claims that seek relief based on the same events are derived from the same cause of action).

B

The first action bars the Gordons' current statutory bad faith claim because (1) both actions involve the same parties; (2) both actions assert statutory bad faith claims; (3) both actions stem from the same underlying conduct, i.e., the denial of UIM coverage; and (4) the claim brought in the first action was finally and validly adjudicated on the merits when the Gordons declined to amend their bad faith claim after it was dismissed. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016) (holding that a dismissal "without prejudice for failure to state a claim" is a decision on the merits that becomes final once the period to amend expires).

Insofar as the Gordons contend that the current complaint alleges independently actionable bad faith conduct that post-dated their filing of the first complaint or that their "bad faith claim did not become ripe until the [] jury rendered its verdict" in the first action, App. 105 (Compl. ¶ 22), they are incorrect. All the Gordons' bad faith claims arising from Liberty's handling of their UIM claim accrued when Liberty initially denied coverage. See Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1041-42 (Pa. Super. Ct.

5

1999) (holding that a bad faith claim accrues upon the initial denial of an insured's claim, "not when the precise amount . . . of damages is determined," and that an appellant "may not separate initial and continuing refusals to provide coverage into distinct acts of bad faith"); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005) (holding that "[a] bad faith claim arises upon a 'frivolous or unfounded refusal to pay proceeds of [a] policy'" (quoting Adamski, 738 A.2d at 1036)).[5] The Gordons admit that Liberty denied coverage and refused to pay their claim before they commenced the first action. Therefore, their bad faith cause of action was ripe when they filed the first lawsuit and any additional alleged bad faith conduct by Liberty did not create a new claim.[6] For these reasons, the statutory bad faith claim that the Gordons attempt to assert in their current complaint is barred by res judicata.

---

[5] The Gordons attempt to distinguish Adamski by claiming that Liberty never "denied" their claim, but simply delayed payment on it. See, e.g., Appellant's Br. at 4-5. The Gordons cite two federal district court cases stating that a cause of action for delay in payment of a claim accrues when payment is made: (1) Thomas v. State Farm Ins. Co., No. 99-cv-2268, 1999 WL 1018279, at *4 (E.D. Pa. Nov. 5, 1999); and (2) Estate of Schoch v. Amerisure Ins. Co., No. 99-cv-6254, 2000 WL 502700, at *2 (E.D. Pa. Apr. 25, 2000). These assertions fail. First, the Gordons stated that Liberty denied coverage. The cases they rely on are not persuasively reasoned. Thomas premised its holding that a bad faith claim accrues upon tender of payment on Federated Life Ins. Co. v. Walker, see Thomas, 1999 WL 1018279, at *4 (citing Walker), but Walker did not determine when the relevant claims accrued, 96-cv-3387, 1997 WL 33264, at *14 n.13 (E.D. Pa. Jan. 21, 1997), and Estate of Schoch simply cites to Thomas. 2000 WL 502700, at *2 (citing 1999 WL 1018279, at *3). In addition, both cases are distinguishable because in each the insurer had settled the insured's claim before the lawsuit was filed and the allegedly actionable conduct in those cases was the insurer's bad faith delay of said settlement payments. See Estates of Schoch, 2000 WL 502700, at *1-2; Thomas, 1999 WL 1018279, at *1. By contrast, the Gordons did not enter a settlement with Liberty.

[6] While "conduct of an insurer during the pendency of litigation may be considered as evidence of bad faith under section 8371," O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 907 (Pa. Super. Ct. 1999), "the essence of a bad faith

6

C

To the extent that the Gordons argue that their current complaint pleads a contractual common law claim for breach of the implied covenant of good faith and fair dealing, they are barred from pursuing such a claim for several reasons.

First, before the District Court, the Gordons only made arguments about their statutory claim with no mention of a common law claim, and thus they have forfeited their contractual claim. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) ("Forfeiture is the failure to make the timely assertion of a right, an example of which is an inadvertent failure to raise an argument." (internal quotation marks and alteration omitted) (quoting United States v. Olano, 507 U.S. 725, 733 (1993)).

Second, even if this claim were not forfeited and we assume that such a common law claim exists on these facts, see supra at n.3, res judicata bars the Gordons' common law claim because their first complaint contained a breach of contract claim that was fully adjudicated and an action for breach of the implied covenant of good faith and fair dealing "must be prosecuted as a breach of contract claim, as the covenant does nothing

_____

claim [under section 8371] must be the unreasonable and intentional (or reckless) denial of benefits," UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 506 (3d Cir. 2004); see also Berg v. Nationwide Mut. Ins. Co., 189 A.3d 1030, 1055 (Pa. Super. Ct. 2018) ("[S]ection 8371 is designed to provide a remedy for bad faith conduct by an insurer in its capacity as an insurer . . . and not as a legal adversary in a lawsuit filed against it by an insured."). Therefore, post-denial conduct, including conduct during a litigation, does not itself provide a basis for a bad faith denial of coverage claim.

more than imply certain obligations into the contract itself." Davis v. Wells Fargo, 824 F.3d 333, 352 (3d Cir. 2016) (internal citation and quotation marks omitted).[7]

Finally, assuming that the present contract claim was not encompassed by the contract claim in the first complaint, the present claim would have accrued at the same time as the statutory bad faith claim (i.e., when Liberty initially denied coverage), as they are based on the same facts that gave rise to the first complaint. Therefore, the present contract claim "could have been litigated during the first proceeding." Balent, 669 A.2d at 313.

For these reasons, the current complaint is barred by res judicata.

## III

For the foregoing reasons, we will affirm.

---

[7] A comparison in the language of the two complaints also suggests that the common law claim was asserted in the first complaint. See App. 192-93 (First Compl. ¶¶ 53, 55) (asserting in Count II (Breach of Contract), that "[t]he [] insurance contract imposed upon [Liberty] . . . a duty . . . to use good faith and apply fair dealing towards the Plaintiff/Insured in handling claims," and alleging that Liberty "fail[ed] to negotiate with Plaintiff . . . in good faith, [thereby] breach[ing] its fiduciary, contractual[,] and statutory obligation[s]"). The only material difference is that the current complaint included factual assertions concerning Liberty's post-denial conduct. As explained herein, that conduct cannot form the basis of the Gordons' common law bad faith claim. The only parts of that claim that would be cognizable are those related to the denial itself, and claims arising from the denial were finally adjudicated with the entry of judgment in the first case.